UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-023-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARCUS S. CHANDLER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 17, 2010, Defendant Marcus S. Chandler was sentenced to 123 months of imprisonment following his guilty plea to conspiring to distribute and possess with intent to distribute oxycodone (Count 1) and a related firearm offense (Count 4) in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A).  [Record No. 91]  Chandler now seeks a reduction of the sentence previously imposed based on recent changes to the United States Sentencing Guidelines.  [Record No. 117]  Having reviewed the motion and all other relevant materials, the Court will deny the requested relief.[1]

---

[1]   The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information

On February 4, 2010, Northern Kentucky Drug Strike Force agents confiscated 140 oxycontin 80 milligram pills from Chandler during a traffic stop. Agents later recovered an additional 160 oxycodone pills and a handgun from his residence. Thereafter, Chandler admitted to receiving pills for distribution during the preceding five months from sources of supply in Detroit and Florida. [Record No. 83] Faced with drug trafficking conspiracy and firearm charges, Chandler pled guilty. [Record No. 58]

The Presentence Investigation Report ("PSR") prepared in advance of the sentencing hearing included a Base Offense Level of 30 regarding Count 1 for purposes of calculating the defendant's non-binding range of imprisonment under the United States Sentencing Guidelines. Chandler received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), resulting in a Total Offense Level of 27. Based on a total of four criminal history points, Chandler was placed in Criminal History Category III. Thus, his guideline range was calculated to be 87 to 108 months on the drug count. Additionally, Chandler was subject to a consecutive mandatory minimum sentence of 60 months on the firearm count.

During the sentencing hearing, the Court considered all relevant factors under 18 U.S.C. § 3553 including the seriousness of the crime, the personal history and characteristics of the defendant, Chandler's acceptance of responsibility and cooperation, and specific and general deterrence. The Court determined that a downward variance was appropriate based on the defendant's personal characteristics. As the Court noted in the Statement of Reasons accompanying the Judgment:

---

possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

> [t]he Court finds that a variance from the otherwise applicable guideline range for Count One is appropriate based upon this particular defendant's characteristics and the improvements he has shown over time. This is a serious crime, one for which the guidelines have provided. Arguments made regarding the defendant's criminal history and statements made by the defendant appear to justify a variance.

After considering all information presented, the Court varied downward twenty-four months from the bottom of the guideline range, resulting in a total term of incarceration of 63 months on the drug charge, in addition to a consecutive term of 60 months on the firearm charge.

The undersigned continues to believe that the sentence originally imposed is sufficient but not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a). As the above discussion indicates, the defendant was not sentenced under the non-binding guideline range. Instead, the Court considered all other relevant information in concluding that the minimum sentence appropriate under the circumstances included a total term of incarceration of 123 months. An additional sentence reduction would not adequately reflect the detrimental impact that such drug crimes have on the communities of the Eastern District of Kentucky. Additionally, any further reduction of the sentence previously imposed would unduly diminish the seriousness of Chandler's criminal conduct and would fail to provide sufficient deterrence to Chandler and others who might be inclined to participate in similar actions. Accordingly, it is hereby

**ORDERED** that Defendant Marcus S. Chandler's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 117] is **DENIED**.

This 14th day of April, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge